## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.) David Turney, | |
|           Plaintiff, | Civil Action No.: 14-cv-087-GKF-FHM |
| v. | |
| 2.) M.A.R.S. Inc, | **COMPLAINT AND** |
|           Defendant. | **DEMAND FOR JURY TRIAL** |

For this Complaint, Plaintiff, David Turney, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in its illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, David Turney ("Plaintiff"), is an adult individual residing in Tulsa, Oklahoma, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant M.A.R.S. Inc ("M.A.R.S."), is an Oklahoma business entity with an address of 5810 E Skelly Drive, Suite 200, Tulsa, Oklahoma 74145, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

5.  Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.  The Debt was purchased, assigned or transferred to M.A.R.S. for collection, or M.A.R.S. was employed by the Creditor to collect the Debt.

8.  Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. M.A.R.S. Engages in Harassment and Abusive Tactics**

9.  In or around January 2013, M.A.R.S. contacted Plaintiff in an attempt to collect the Debt.

10. M.A.R.S. threatened to put Plaintiff on the "do not rent list" if he did not pay the Debt.

11. In addition, M.A.R.S. told Plaintiff that he "[would] not be able to go to the housing authorities for help."

12. Moreover, M.A.R.S. failed to send Plaintiff a letter informing him of his rights.

**C. Plaintiff Suffered Actual Damages**

13. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

14. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq*.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

17. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representation or means in connection with collection of the Debt.

18. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

19. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

20. Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff a letter within five days of its initial contact with Plaintiff.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

Dated: February 25, 2014

                                              Respectfully submitted,

                                              By  */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: slemberg@lemberglaw.com
Attorneys for Plaintiff

4