## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  DAVID TURNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 14-CV-087-GKF-FHM |
| | ) | |
| 1.  M.A.R.S., Inc. | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO DISMISS *COMPLAINT*

The defendant moves to dismiss the plaintiff's *Complaint* [Dkt. No. 2] for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### STATEMENT OF THE CASE

1. Plaintiff, David Turney ("Turney") filed his *Complaint* [Dkt. No. 2] on February 25, 2014. The *Complaint* was assigned to the Honorable Gregory Frizzell and assigned U.S. District Court for the Northern District of Oklahoma number 4:14 cv-00087-GKF-FHM.

2. On April 1, 2014, counsel of record for Defendant, M.A.R.S., Inc. (MARS) requested and was granted a request to file a document out of time.

3. In his *Compliant*, Turney alleges that MARS violated certain provision contained in the FDCPA [*see* Dkt. No. 2, ¶¶ 15-20].

### ARGUMENT AND AUTHORITY

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). In deciding a motion to dismiss, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006); *Sutton v. Utah State School for the Deaf and*

*Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  At this stage of the litigation, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The court may consider a statute of limitations issue in a motion to dismiss where noncompliance with the limitations period is apparent on the face of the *Complaint*. *See*, *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 n.3 (10th Cir. 1999) ("We note that Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." (citations omitted)), overruled in part on other grounds, *Boyler v. Cordant Technologies, Inc.*, 316 F.3d 1137, 1140 (10th Cir. 2003).

The Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (the FDCPA) provides for a one-year statute of limitations, running from the date of the alleged violation. 15 U.S.C. § 1692k(d) (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.). The calculation of the limitations period for a collection letter begins on the date that the collection letter is placed in the mail, not the date it is received by the consumer. *Akalwadi v. Risk Mgmt. Alts., Inc*., 336 F. Supp. 2d 492, 501 (D. Md. 2004) (Generally, the statute of limitations begins to run when a communication violating the FDCPA is sent.); see, e.g., *Malloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995); *Mattson v. U.S. W. Commc'n Inc*., 967 F.2d 259, 261 (8th Cir. 1992). The rationale for this rule is that this is the last opportunity that a debt collector had to comply with the FDCPA. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997)

(citing *Mattson*, 967 F.2d at 261). And, the rule yields "a date which may be 'fixed by objective and visible standards,' one which is easy to determine, ascertainable by both parties, and may be easily applied." *Mattson*, 967 F.2d at 261.

"When a statute creating a new cause of action contains in itself a statute of limitations, the limitation imposed becomes an integral part of the right of action created by the statute." Pa. Co. for *Ins. on Lives & Granting Annuities v. Deckert*, 123 F.2d 979, 985 (3d Cir. 1941). Courts have ruled that "[a] statute of limitations defense is an affirmative one, and in order to undergird a dismissal, must appear on the face of the complaint." *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); see also *Tregenza*, 12 F.3d at 718 (same). Courts have also repeatedly held that because a statute of limitations is an affirmative defense, "the burden of establishing its applicability to a particular claim rests with the defendant." *Drennen v. PNC Bank Nat'l Assoc.*, 622 F.3d 275, 292 (3d Cir. 2010) (quoting *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989)); see also *Tregenza*, 12 F.3d at 718 ("[A] plaintiff is not required to negate an affirmative defense in his complaint." (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). *Anixter v. Home-Stake Prod. Co.*, 939 F.2d 1420 (10th Cir. 1991), vacated on other grounds under the name *Dennler v. Trippet*, 503 U.S. 978 (1992).

In the instant suit, Turney alleges that "in or around January 2013" the MARS contacted him in an effort to collect a debt. Also alleged is that the defendant's efforts were in violation of the FDCPA. Turney filed his *Complaint* on February 25, 2014. If the Court is to accept all allegations in the *Complaint* as true, then it is plain on the face of the *Complaint* that Turney filed for relief after the statute of limitations had expired. Based on Turney's allegation of "in or around January 2013," the latest date for the one year statute of limitations to expire is January 31, 2014. Turney filed his *Complaint* nearly one month after the statute of limitations expired.

**WHEREFORE**, Turney did not file the *Complaint* within the one year statute of limitations, and the claims therein should be dismissed against M.A.R.S., Inc.

Date: April 21, 2014.

                                           Respectfully submitted,

                                           /s/ Anthony L. Allen
                                           Anthony L. Allen, OBA#19738
                                           Mary McMillen, OBA#31149
                                           ALLEN & WISNER
                                           101 W. Broadway
                                           Muskogee, Oklahoma 74401
                                           Phone: (918) 683-5291
                                           Fax:  (918) 683-3397
                                           Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2014, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Sergi Lemberg                slemberg@lemberglaw.com

    Jarold Allen Morris          jmorris@piercecouch.com

                                           /s/ Anthony L. Allen
                                           Anthony L. Allen